UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES TRACEY CORGAN, | ) | 3:14-cv-00692-RCJ-WGC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | **re: Doc # 34** |
| NEVADA DEPARTMENT OF PUBLIC SAFETY INVESTIGATION DIVISION, et al., | ) ) ) | |
| Defendants. | ) | |

Before the court is the "Defendant Paige's Motion to Set Aside Default Filed March 27, 2015 Based Upon Good Cause/Answer." (Doc. # 34.[1]) Defendant Bryan Lee Paige, a pro se prisoner inmate, seeks an order of the court setting aside the Clerk's Entry of Default (Doc. # 27) as against him. No response to the motion was filed.

The defendant is an inmate in the Nevada Department of Corrections (NDOC). Plaintiff's service was made on defendant Paige by delivering a copy of the summons and complaint upon defendant's caseworker. (Doc. # 24). Helpful to understanding Defendant's motion is the sequence of events relating to service of process.

**TIMELINE CONCERNING ENTRY OF DEFAULT**

The following outlines the events as they appear on the docket:

3/6/15:   Defendant Paige's 2/27/15 letter to the Clerk (Doc. # 20) is filed. Paige states he received various documents delivered to him by his caseworker and wanted to ascertain if the Clerk's records reflected service was completed and a return of service filed. His letter was dated 2/27/15, but was not received in the Clerk's office until 3/6/15, a Friday.

---

[1] Refers to court's docket number.

| | | |
|---|---|---|
| 1 | 3/9/15: | Minute Order (Doc. # 21) ordering counsel for Plaintiff to serve the return of service (#18) on defendant Paige. A copy of this order was not sent to Defendant Paige as he had not yet appeared in the action. |
| 3 | 3/17/15: | Plaintiff's attorney files a certificate of service and notice of compliance with the court's 3/9/15 order. (Doc. # 23). The notice reflects the summons and complaint "was physically served upon BRYAN PAIGE on February 23, 2015 by a prison caseworker who agreed to receive and serve the same." (*Id*). Attorney Corn simultaneously files a 3-Day Notice of Intent to Enter Default (Doc. # 24). |
| 6 | 3/26/15: | Plaintiff files a Request for Clerk to Enter Default as against Defendant Paige. (Doc. # 26.) |
| 7 | 3/27/15: | Clerk enters Default as to Defendant Paige. (Doc. # 27). |
| 8 | 4/2/15: | Defendant Paige files Answer to Complaint. (Doc. # 29). His answer is dated 3/30/15 and served the same day. Selected exhibits which were referred to in footnote 1 appearing on page 1, include: |

    A: Envelope from attorney Corn addressed Paige which was received by Paige on 2/24/15, with enclosed document entitled "Summons Returned Executed" which reflects the case worker received service on behalf of plaintiff on 2/23/14.

    B. Paige's letter to the Clerk dated 2/27/15. (Doc. # 20.)

    C. Envelope from Attorney Corn's mailed to Lovelock Correctional Center, "Attn: Jeri Lynn" postmarked 1/28/15; There is a note on the envelope that Defendant Paige received same "from Caseworker in Unit 5A-SLP" on 2/26/15.

## DISCUSSION

Fed. R. Civ. P. 4(e) provides, in pertinent part, as follows:

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual...may be served in a judicial district of the United States by:

    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

                        \* \* \*

    (2) doing any of the following:

        (A) delivering a copy of the summons and of the complaint to the individual **personally**;

        (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who **resides** there, or

        (C) delivering a copy of each to an **agent authorized by appointment or by law to receive service of process**.

(emphasis added.)

Plaintiff's service of process on Defendant Paige is potentially defective in that under either state or federal procedures, it was not *personally* delivered to the Defendant.  There is also an issue whether the summons was left with someone of suitable age who **resides** at Defendant Paige's abode because the NDOC caseworker may not have been an agent authorized by appointment or by law to receive service of process.  Because Plaintiff has not opposed the motion, Plaintiff makes no argument in this regard as to whether service on an NDOC caseworker satisfies either Fed. R. Civ. P. 4(e)(2) or Nev. R. Civ. P. 4, the provisions in which essentially parallel Federal Rule 4.

Fed. R. Civ. P. 55 (c) provides that a default may be set aside for good cause.  The preference of federal jurisprudence is to have cases tried on their merits. *U.S. v Signed Personal Check No. 730 of Yuban S. Mesle*, 615 F. 2d 1085, 1091 (9th Cir. 2010).  Defendant has answered the complaint and sets forth various defenses. (Doc. # 29). Coupled with the questionable service on Defendant's caseworker, the court finds there is good cause to set aside the default as to Defendant Paige.

Additionally, Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. As noted above, Plaintiff has not opposed Defendant's motion.

Defendant's motion to set aside the default (Doc. # 34) is **GRANTED.**

**IT IS SO ORDERED.**

DATED:   May 19, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE