UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| JAMES CORGAN, | | Case No. 3:14-CV-00692-RCJ-WGC |
| | Plaintiff, | |
| v. | | **ORDER OF DISMISSAL WITH PREJUDICE** |
| MIKE KEEMA, et al., | | |
| | Defendants. | |

This case is on remand from the United States Court of Appeals for the Ninth Circuit (ECF No. 112). However, according to this Court's records, Plaintiff is no longer at the address listed with the Court "this inmate paroled 04/09/2019." (ECF No. 114). The Court notes that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party of the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1.

On April 26, 2019, Court Order (ECF No. 116) granted Plaintiff thirty (30) days from the date of entry the order to file his updated address with the Court. Plaintiff has failed to comply with the court's order within the allotted time.

///

///

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

1  the court's order will result in dismissal satisfies the "consideration of alternatives"
2  requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779
3  F.2d at 1424.  The Court's order requiring Plaintiff to file his updated address with the
4  Court within thirty days expressly stated: "It is further ordered that if Plaintiff fails to timely
5  comply with this order, the Court will dismiss this case with prejudice." (ECF No. 116).
6  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance
7  with the Court's order to file an updated address with the Court within thirty days.

IT IS ORDERED that this action is DISMISSED WITH PREJUDICE based on Plaintiff's failure to file an updated address with the Court in compliance with this Court's Order filed April 26, 2019 (ECF No. 116).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly and close the case.

DATED this 1st day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE